UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BRIAN and SHERRY MARSHALL,                )
                                          )
            Plaintiffs,                   )
                                          )   No. 1:05-CV-156
v.                                        )
                                          )   Mattice / Lee
NATIONAL GRANGE MUTUAL                    )
INSURANCE COMPANY,                        )
                                          )
            Defendant.                    )

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Proceed *In Forma Pauperis on Appeal* with Supporting Documentation ("Application") filed by Plaintiffs, Brian and Sherry Marshall [Doc. No. 110-1]. Attached to the Plaintiffs' motion are: (1) the Affidavit of Sherry Marshall [Doc. No. 110-2], (2) the Affidavit of Brian Marshall [Doc. No. 110-3], and (3) the Application [Doc. No. 110-4]. Defendant, National Grange Mutual Insurance Company ("NGMIC"), has filed a response and objection to Plaintiffs' motion to proceed *in forma pauperis* on appeal [Doc. No. 112].

Pursuant to Fed. R. App. P. 24(a), "a non-prisoner who desires to appeal in forma pauperis must first file a motion seeking such relief in the district court." *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) (citing Fed. R. App. P. 24(a)(1)). "With that motion, the individual must attach an affidavit showing in detail . . . the individual's ability to pay or give security for fees and costs; the right to redress; and the issues the party intends to present on appeal." *Id.*

In her affidavit, Sherry Marshall states in pertinent part "I believe and state that I have meritorious claim and desire to proceed in forma pauperis." [Doc. No. 110-2 at 2, ¶ 8]. Likewise,

in his affidavit, Brian Marshall states in pertinent part that "I believe and state that I have meritorious claim and desire to proceed in forma pauperis." [Doc. No. 110-3 at 2, ¶ 6]. Thus, neither Sherry Marshall nor Brian Marshall have complied with the requirement of Fed. R. App. P. 24(a)(1)(C) that their affidavit in support of their motion for *in forma pauperis* status must state in detail the issue(s) they intend to present on appeal.

Further, in their affidavits, Sherry and Brian Marshall state, "If I am required to pay the costs of this appeal I will not be able to prosecute my case due to lack of funds." [Doc. Nos. 110-2 at 2, ¶ 7; 110-3 at 1, ¶ 5]. However, a review of the Application submitted by Brian and Sherry Marshall does not establish that they are unable to pay the filing fee for an appeal. In their Application, Brian and Sherry Marshall state they have a total monthly income of $2,066 and total monthly expenses of $1,775.00 [Doc. No. 110-4 at 3, 8]. The Application also states $2,500 is being held in trust for the Marshalls by their attorney [*id.* at 5]. This is also attested to by the Affidavits of Brian and Sherry Marshall [Doc. Nos. 110-2 at 1-2, ¶ 4; 110-3 at 1, ¶ 4].

If the Marshalls are granted *in forma pauperis* status on appeal in this civil action, they would not have to pay the $455.00 filing fee and would be eligible for a transcript at government expense, if necessary. As the Marshalls have not stated the issue(s) they intend to present on appeal to the Sixth Circuit, it is currently impossible to assess whether a transcript would be necessary for an appeal and, if so, the possible cost for such transcript. Thus, the issue at this point in the proceedings is whether the Marshalls can pay the $455 filing fee for an appeal to the Sixth Circuit.

I conclude the Marshall's motion, and particularly the Application and supporting affidavits, do not establish Brian Marshal and Sherry Marshall will be unable to proceed with an appeal in this action if they are required to pay the $455 filing fee for an appeal. Further, as is impossible to assess

whether a transcript would be necessary on appeal and, if so, the cost of such transcript, I further conclude that as of this point in the proceedings the Marshalls have not established they are indigent within the meaning of 28 U.S.C. § 1915 and cannot pay the fees and costs associated with an appeal to the Sixth Circuit.

Accordingly, it is **RECOMMENDED** the motion of Plaintiffs, Brian Marshall and Sherry Marshall, to proceed *in forma pauperis* on appeal [Doc. No. 110-1] be **DENIED**.[1]

s/<i>Susan K. Lee</i><br>
SUSAN K. LEE<br>
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).